THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOSE B. LEPEZ-GOMEZ, individually and the marital community thereof, a/k/a/ Jose B. Gomez, d/b/a TJBL Restaurant & Bar, a/k/a/ El Flamingo Bar & Restaurant,<br><br>Defendant. | CASE NO. C19-1460-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for entry of default judgment (Dkt. No. 12). Having considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.     BACKGROUND**

When considering a motion for default judgment, a court takes as true the plaintiff's well-pled allegations regarding liability. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Plaintiff's allegations are as follows.

Plaintiff, a commercial distributor of sports and entertainment programming, obtained the exclusive commercial distribution rights to *Gennady Golovkin v. Saul Alvarez IBF Middleweight Championship Fight Program*, a television program broadcast on September 16, 2017. (Dkt. No.

1 at 3.) Those rights allowed Plaintiff to enter into sublicensing agreements with commercial entities that would permit those entities to exhibit the program in their establishments. (*Id.*)

Defendant is the owner of a bar in Washington. (*Id.* at 2.) Defendant did not enter into a sublicensing agreement with Plaintiff to obtain the right to exhibit the program in his bar. (*Id.* at 5.) Nevertheless, Defendant intercepted, received, and exhibited the program at his bar on September 16, 2017. To enter the bar and watch the program, patrons had to pay a $15 cover charge. (*Id.* at 4.)

On September 11, 2019, Plaintiff filed a complaint seeking relief for violation of 47 U.S.C. § 605, 47 U.S.C. § 553, and trespass to chattels. (*Id.* at 3–7.) Although Defendant was personally served with the complaint on October 14, 2019, (Dkt. No. 6 at 2), Defendant failed to appear. Consequently, the Clerk entered an order of default against Defendant on December 11, 2019. (Dkt. No. 9.) Plaintiff now moves for default judgment. (Dkt. No. 12.)

## II. DISCUSSION

Plaintiff asks the Court to enter default judgment on its 47 U.S.C. § 605 and trespass to chattels claims and to award Plaintiff $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II), $30,000 under 47 U.S.C. § 605(e)(3)(C)(ii), and $7,500 for trespass of chattels. (Dkt. No. 12 at 16–17.) The Court concludes that default judgment is appropriate but Plaintiff's request for damages is too high.

### A. Plaintiff's Request for Default Judgment

Entry of default is governed by Federal Rule of Civil Procedure 55 and is left to a district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a district court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors usually weigh in favor of

granting default judgment, and this case is no exception. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Absent default judgment, Plaintiff will suffer prejudice because it will be unable to recover for the injury it suffered. In addition, Plaintiff's complaint alleges valid § 605 and trespass to chattels claims: the complaint states that Defendant intentionally interfered with Plaintiff's property by intercepting and exhibiting a program to which Plaintiff had exclusive rights. *See* 47 U.S.C. § 605(a); *Damiano v. Lind*, 2011 WL 3719682, slip op. at 5 (Wash. Ct. App. 2011) ("[Trespass to chattels] is the intentional interference with a party's personal property without justification that deprives the owner of possession or use."); (Dkt. No. 1 at 3–7.) And while Plaintiff asks for a significant amount of money, that alone does not preclude default judgment. *See J & J Sports Prods., Inc. v. Torres*, 2011 WL 6749817, slip op. at 5 (E.D. Cal. 2011). Furthermore, a dispute over material facts is unlikely given that Plaintiff has offered the sworn affidavit from an investigator who observed and documented Defendant's violations on the night of the broadcast. (Dkt. No. 13 at 8.) Finally, Defendant has no apparent excuse for failing to appear given that he was personally served. (Dkt. No. 6 at 2.) Accordingly, the Court ENTERS default judgment in favor of Plaintiff on its 47 U.S.C. § 605 and trespass to chattels claims.

### B. Plaintiff's Request for Damages

If a district court grants default judgment, then it must determine the appropriate scope of relief. The relief a district court may provide is limited by several important principles. *See Philip Morris USA, Inc.*, 219 F.R.D. at 498–99. First, the party seeking default judgment must prove all damages sought in the complaint; allegations relating to damages are not presumed. *Id.* (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987)). Second, "[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c). This second requirement ensures that a defaulted defendant receives adequate notice of the relief being sought. *See In re Ferrell*, 539 F.3d 1186, 1192–93 (9th Cir. 2008); *Toyo Tire & Rubber Co. v. Fintparts-USA, LLC*, 2016 WL 5219465, slip op. at 2

(C.D. Cal. 2016).

As an initial matter, the Court observes that the amount of actual damages pled in Plaintiff's complaint is significantly different from the amount Plaintiff requests in its motion for default judgment. (*Compare* Dkt. No. 1 at 8, *with* Dkt. No. 12 at 16–17.) In its complaint, Plaintiff sought "damages [for trespass to chattels] in the amount of $2,500, or to be proved at trial." (Dkt. No. 1 at 8.) The $2,500 figure appears to come from the $2,500 price Defendant would have had to pay Plaintiff to exhibit the program if Defendant's bar had a capacity of 1 to 100 persons. (*See* Dkt. No. 14 at 22.) In its motion for default judgment, however, Plaintiff estimates the bar's capacity to be over 200. (*See* Dkt. No. 12 at 14–15) (citing Dkt. No. 13 at 8). Based on this significantly higher estimate, Plaintiff requests actual damages in the amount of $7,500—the price Defendant would have had to pay if Defendant's bar had a capacity of over 200 persons. (*See id.*; Dkt. No. 14 at 22.)

For the purposes of determining Plaintiff's damages award, the Court will use the figure in Plaintiff's complaint—$2,500—as the benchmark for Plaintiff's actual damages. The purpose of pleading specific damages in the complaint is to provide the defendant notice about the amount at stake in the litigation. *See In re Ferrell*, 539 F.3d at 1192–93. Allowing Plaintiff to significantly increase the estimate of its actual damages would risk unfairness to Defendant and would violate the spirit, if not the text, of Federal Rule of Civil Procedure 54(c).

    1.    <u>Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(i)(II)</u>

Plaintiff first requests $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). (Dkt. No. 12 at 11.) The damages awarded pursuant to § 605(e)(3)(C)(i)(II) rests within a district court's sound discretion, and courts have developed different ways to determine the proper amount of damages under the statute. *See J & J Sports Prods., Inc. v. McCausland*, 2012 WL 113786, slip op. at 3 (S.D. Ind. 2012). Some courts assess damages based on the number of patrons in the offending establishment. *See Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, slip op. at 6 (E.D.N.Y. 2005) (multiplying the purchase price

of the broadcast by the estimated number of patrons at the establishment); *Time Warner Cable of N.Y.C. v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997) (awarding $50 per patron). Other courts award a flat sum for each violation, which can vary significantly. *See Kingvision Pay-Per-View Ltd. v. Gadson*, 2007 WL 2746780, slip op. at 3 (M.D.N.C. 2007) (awarding a $10,000 flat sum); *Home Box Office v. Gee-Co Inc.*, 838 F. Supp. 436, 440 (E.D. Mo. 1993) (awarding a $1,000 flat sum). Those approaches have an appealing consistency, but the Court prefers an approach that considers the facts of a case as a whole. *See J & J Sports Prods., Inc. v. Lone Star Cafe & Pub*, Case No. C12-0764-RSL, Dkt. No. 11 at 4 (W.D. Wash. 2013). Here, those facts lead the Court to conclude that Plaintiff's request for $10,000 is excessive. Given that there were only 25 patrons at the bar during the broadcast and that Plaintiff asked for only $2,500 in actual damages in its complaint, (Dkt. Nos. 1 at 8, 13 at 8), the Court AWARDS Plaintiff $2,500 under 47 U.S.C. § 605(e)(3)(C)(i)(II).

2. Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(ii)

Plaintiff also seeks $30,000 under 47 U.S.C. § 605(e)(3)(C)(ii). (Dkt. No. 12 at 11–12.) Section 605(e)(3)(C)(ii) authorizes a court to award up to $100,000 of enhanced damages if "the court finds the violation was committed willfully and for purposes of direct or indirect commercial advantage or private gain." Plaintiff alleges in its complaint that Defendant acted willfully and for commercial gain when he intercepted the program and displayed it at his commercial establishment. (Dkt. No. 1 at 5.) Plaintiff is, therefore, entitled to enhanced damages. However, the Court finds the request for $30,000 to be excessive given the small number of patrons at Defendant's bar and the estimate of Plaintiff's actual damages in the complaint. Accordingly, the Court AWARDS Plaintiff $2,500 under 47 U.S.C. § 605(e)(3)(C)(ii).

3. Damages for Trespass to Chattels

Plaintiff requests $7,500 for trespass to chattels. (Dkt. No. 12 at 16–17.) Plaintiff's request is based on the licensing fee Defendant would have had to pay Plaintiff to legally broadcast the program if the capacity of Defendant's bar was more than 200 patrons. (*Id.* at 17)

(citing Dkt. No. 14 at 22). The Court already considered the licensing fee when calculating Plaintiff's statutory damages under 47 U.S.C. § 605(e). Awarding Plaintiff damages for trespass to chattels would therefore result in double recovery. *See Lone Star Cafe & Pub*, Case No. C12-0764-RSL, Dkt. No. 11 at 5; *McCausland*, 2012 WL 113786, slip op. at 3 (S.D. Ind. 2012). Accordingly, the Court DECLINES to award Plaintiff damages for trespass to chattels.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment and AWARDS Plaintiff $5,000 in damages.

DATED this 1st day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-1460-JCC
PAGE - 6