THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOSE B. LEPEZ-GOMEZ, individually and the marital community thereof, a/k/a/ Jose B. Gomez, d/b/a TJBL Restaurant & Bar, a/k/a/ El Flamingo Bar & Restaurant,<br><br>Defendant. | CASE NO. C19-1460-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for an award of attorney fees (Dkt. No. 18). Having considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

On September 11, 2019, Plaintiff filed a complaint seeking relief for violation of 47 U.S.C. § 605, violation of 47 U.S.C. § 553, and trespass to chattels. (Dkt. No. 1 at 3–7.) On April 1, 2020, the Court granted Plaintiff's motion for default judgment and awarded Plaintiff $5,000 for Defendant's violation of 47 U.S.C. § 605. (*See* Dkt. No. 16 at 6.) Plaintiff is, therefore, an aggrieved party who prevailed in an action under 47 U.S.C. § 605, which entitles Plaintiff an award of "full costs, including . . . reasonable attorneys' fees." *See* 47 U.S.C. § 605(d)(6),

(e)(3)(B)(iii). Plaintiff now moves for an award of $2,560 in attorney fees and $1,312.28 in costs. (Dkt. No. 18 at 1.) In support of the motion, Plaintiff's attorney, Bruce H. Orr, has filed a declaration stating that he worked on the matter for 1.1 hours at an hourly rate of $350 and that his paralegal, Antony Nickles, worked on the matter for 14.5 hours at an hourly rate of $150. (Dkt. No. 19 at 2.) Plaintiff has also filed a bill of costs showing that it paid a $400 filing fee to the Clerk, $287.28 in fees for service of the summons and subpoena, and $625 in investigator fees. (Dkt. No. 20 at 1.)

## II.     DISCUSSION

### A.     Attorney Fees

District courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation.[1] *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

To determine a reasonable billing rate, the Court generally looks to the "prevailing

---

[1] Those factors are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70.

market rate [] in the relevant community." *Kelley*, 822 F.3d 1085 (quoting *Perdue v. Kenney A ex rel. Winn*, 559 U.S. 542, 551 (2010)). Ordinarily, "the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

### 1. Lodestar Calculation

Mr. Orr and Mr. Nickles charged hourly rates that are consistent with the rates charged by other firms in the Puget Sound area and approved by the Court.[2] *See, e.g.*, *Campbell v. Catholic Cmty. Servs. of W. Wash.*, No. C10-1579-JCC, Dkt. No. 120 at 3 (W.D. Wash. Aug. 8, 2012) ($350/partner, $250/associates, $125/support staff). The Court therefore finds those rates to be reasonable, particularly given Mr. Orr's and Mr. Nickles's education and experience. (*See* Dkt. No. 19 at 2–3.) The Court also concludes that the hours Mr. Orr and Mr. Nickles spent were reasonable. And by multiplying those hours by Mr. Orr and Mr. Nickles' hourly rates, the Court further finds that the lodestar figure is $2,560.

### 2. Upward or Downward Adjustment

The Court finds no basis to adjust the lodestar figure. *See Kelly*, 822 F.3d at 1099; *Kerr*, 526 F.2d at 70. Consequently, the Court AWARDS Plaintiff reasonable attorney fees in the amount of $2,560.

//

---

[2] Plaintiff also notes that Mr. Orr's and Mr. Nickles's rates are consistent with the prevailing market rates in Oregon. (*See* Dkt. No. 18 at 3.) While the relevant community in this case is the Puget Sound region, not Oregon, the fact that Mr. Orr's and Mr. Nickles's rates are consistent with those charged in Oregon further confirms their rates were reasonable. *See Camacho*, 523 F.3d at 979.

**B.     Costs**

47 U.S.C. § 605(e)(3)(B)(iii) entitles Plaintiff to "recovery of full costs." Some courts have held that "full costs" do not include the costs of hiring an investigator. *See Kingvision Pay-Per-View Ltd. v. Cardona*, 2004 WL 1490224, slip op. at 4 (S.D.N.Y. 2004); *Time Warner Cable of N.Y.C. v. Sanchez*, 2003 WL 21744089, slip op. at 5 (S.D.N.Y. 2003). These courts observe that since 1853, the language now codified in 28 U.S.C. § 1920 has "embodie[d] Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party," *Crawford v. Fitting Co. v. J.T. Gibbons, Inc. Champion Int'l Corp.*, 482 U.S. 437, 440–41 (1987); that 28 U.S.C. § 1920 defines "costs" to include only six enumerated categories; and that those categories do not include the costs of hiring an investigator. *See Sanchez*, 2003 WL 21744089, slip op. at 5 (citing *Crawford*, 482 U.S. at 440–41). Other courts disagree, reasoning that 28 U.S.C. § 1920's definition does not apply because 47 U.S.C. § 605(e)(3)(B)(iii) uses the term "full costs" instead of "costs." *See Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66 (E.D.N.Y. 2006). These courts appear to rely entirely on the statement of a Senate committee chairman, who said, "It is the intent of the Committee that the power to direct the recovery of all costs under (3)(B)(iii) shall include reasonable investigative fees (related to the action brought) of an aggrieved party." *Autar*, 426 F. Supp. at 67 (quoting Statement of Sen. Robert W. Packwood, Chairman of Comm. on Commerce, Science, & Transp., 130 Cong. Rec. § 14286 (daily ed. Oct. 11, 1984)). But they also note that "there is nothing to suggest that Congress as a whole shared the Committee's intent." *Id.*

The Court doubts that Congress intended for "full costs" to deviate from Congress's long-standing definition of "costs." However, the Court need not decide the meaning of "full costs" because even if the term includes investigative costs, Plaintiff has not shown that its request for investigative costs is reasonable. Courts that do award investigative costs require the prevailing party to show "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the

requested rate." *See Autar*, 426 F. Supp. at 67 (quoting *Int'l Cablevision, Inc. v. Noel*, 982 F. Supp. 904, 918 (W.D.N.Y. 1997)). Plaintiff has offered none of that information here. (*See* Dkt No. 20 at 4) (invoice from "Kemppainen Investigations" showing only that Plaintiff was charged $665). Accordingly, the Court DENIES Plaintiff's request for $625 in investigator fees. *See Autar*, 426 F. Supp. at 67. The Court AWARDS Plaintiff costs in the amount of $687.28.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for attorney fees and costs (Dkt. No. 18). The Court AWARDS Plaintiff reasonable attorney fees in the amount of $2,560 and costs in the amount of $687.28.

DATED this 22nd day of May 2020.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE